IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZRONDIA DEFLANDERS BLACK; § | | |
| JAMES BLACK; and J.B., a Minor § | | PLAINTIFFS |
| by and through Zrondia Deflanders § | | |
| Black, Mother and Next Friend § | | |
| § | | |
| v. § | | Civil No. 1:10CV433-HSO-JMR |
| § | | |
| PRIMELENDING COMPANY  & § | | DEFENDANTS |
| CITIMORTGAGE, INC. § | | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
PRIMELENDING COMPANY'S MOTION TO DISMISS**

BEFORE THE COURT is the Motion [23-1] of Defendant, PrimeLending Company ["PrimeLending"] to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(1).  Plaintiffs filed a Response [26-1, 27-1] in Opposition to the Motion to Dismiss, and PrimeLending filed a Reply [28-1].  After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that because the claims against PrimeLending have been rendered moot, PrimeLending's Motion to Dismiss [23-1] should be granted.

I. FACTS AND PROCEDURAL HISTORY

A.   Facts

According to the Amended Complaint [13-1], in August 2008, Plaintiff Zrondia Black lived with her husband, James E. Black, and their two minor sons at 4237 Stauter Street in Moss Point, Mississippi.   The property, classified as

homestead property beginning in 1985, was titled to James E. Black.  The Warranty Deed reflecting ownership was duly recorded in the Jackson County office of land records.   Am. Compl. [13-1], at p. 3.

On August 20, 2008, James E. Black executed a Deed of Trust totaling $110,767.00, in favor of PrimeLending and pledged the Stauter Street property as security therefor.  *Id*.  Mr. Black signed as grantor and as a "single man."  Deed of Trust, att. as Ex. "C" to Compl. [1-2] at p. 15.  On April 26, 2010, James E. Black died.  Zrondia Black was listed as his surviving spouse on the death certificate.  State of Mississippi Certificate of Death, att. as Ex. "D" to Compl. [1-2] at p. 23.

PrimeLending assigned Black's Deed of Trust to CitiMortgage on January 26, 2011.  The Jackson County Chancery Clerk recorded the assignment on February 22, 2011.  Assignment of Deed of Trust, att. as Ex. "D" to Mot. [23-1] to Dismiss.  To date, the Deed of Trust remains of record and encumbers the homestead property.  Defendant CitiMortgage collected mortgage payments from decedent James E. Black and, according to the Complaint, "continues to attempt to collect monthly mortgage payments from the widow of decedent . . .  it will not cancel of record that same deed of trust encumbering the homestead of plaintiffs."  Am. Compl. [13-1] at p. 4.

B.    Procedural History

Plaintiffs filed their Complaint for Declaratory, Injunctive, and Further Relief in the Circuit Court of Jackson County on August 26, 2010.  PrimeLending

filed a Notice of Removal in this Court on September 10, 2010 [1-1].  CitiMortgage filed a Joinder in Notice of Removal on September 10, 2010 [5-1].  After this Court granted PrimeLending's Motion for More Definite Statement [3-1] and ordered Plaintiffs to replead [9-1], Plaintiffs filed an Amended Complaint [13-1] on November 8, 2010.   Plaintiffs seek:

> . . . cancellation of the deed of trust executed by James E. Black in favor of PrimeLending . . . and its removal as a cloud of title of your plaintiffs; cancellation of any and all claims possessed by CitiMortgage and asserted against your plaintiffs; and their removal as clouds upon the title of your plaintiffs.

Am. Compl. [13-1] at p. 13.

Plaintiffs advance claims requesting declaratory relief, injunctive relief, and cancellation and removal of clouds on title to the real property.  Am. Compl. [13-1] at pp. 4-6.  PrimeLending now moves to dismiss Plaintiffs' Amended Complaint against it pursuant to FED. R. CIV. P. 12(b)(1), arguing that because Plaintiffs' claims against it are now moot, this Court lacks subject matter jurisdiction over them.

## II. DISCUSSION

A.   Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  This Court has the power to dismiss a complaint for lack of subject matter jurisdiction on any one of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in

the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States,* 74 F. 3d 657, 659 (5th Cir. 1996)(citing *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F. 2d 1380, 1384 (5th Cir. 1989)).

B.   Analysis of Plaintiffs' Claims

PrimeLending contends that it is entitled to dismissal because all of the claims asserted against it in this action relate solely to the subject property and have been rendered moot as a result of PrimeLending's full and complete assignment of the Deed of Trust to CitiMortgage, including all of Plaintiffs' rights and interests in the Deed of Trust.  Mot. to Dismiss [13-1] at p. 3; Assignment of Deed of Trust, att. as Ex. "D" to Mot. to Dismiss [13-1].  PrimeLending argues that: 1) Plaintiffs' demand for a declaration that PrimeLending does not have any enforceable interest is moot inasmuch as this right was assigned to CitiMortgage; 2) PrimeLending has no right to foreclose upon the subject property due to the assignment to CitiMortgage; and 3) in light of the assignment, PrimeLending has no interest in whether the Deed of Trust is cancelled or deemed a cloud on Plaintiffs' title.  Def.'s Mem. [24-1] in Support of Mot. to Dismiss at p. 7.

Plaintiffs oppose dismissal of PrimeLending, stating that it "has retained a legally cognizable interest in the outcome of this litigation."  Pls.' Mem. [26-1] in Resp. at p. 4.  Plaintiffs take issue with the validity of the mortgage loan itself and whether its provisions are valid and enforceable.  Plaintiffs submit that any assignment from

PrimeLending to CitiMortgage failed to confer any rights. Specifically, Plaintiffs argue that a "factual determination of the legality of the transaction initiated by PrimeLending should be decided before any interests of CitiMortgage may be considered." Pls.' Mem. [26-1] at p. 2.

The record before the Court includes a letter from PrimeLending, dated September 3, 2008, to James E. Black. This letter informed Black that CitiMortgage would begin servicing the mortgage without any affect on the terms and conditions of the original mortgage instrument. Sept. 3, 2008, Letter, att. as Ex. "C" to Def.'s Mot. [23-1] to Dismiss.

The assignment from PrimeLending to CitiMortgage was executed on January 26, 2011, and recorded by the Jackson County Chancery Clerk on February 22, 2011. By its terms, it conveyed "all that beneficial interest under that certain Deed of Trust dated August 28, 2008, executed by James E. Black . . . together with note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust." Deed of Trust, att. as Ex. "C" to Compl. [1-2] at p. 15.

In addressing the doctrine of mootness, the Fifth Circuit has stated that:

> [a]n actual case or controversy must exist at every stage in the judicial process. [citation omitted]   Because federal courts cannot give opinions on "moot questions or abstract propositions," *Calderon v. Moore,* 518 U.S. 149 . . . (1996)(internal citation omitted), an appeal must be dismissed when "an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party ..." *Church of Scientology v. United States,* 506 U.S. 9, 12, . . . (1992)(internal citation omitted).  Mootness has been described as

> "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 . . . (1997)(internal citation omitted).

*Motient Corp. v. Dondero*, 529 F. 3d 532, 537 (5th Cir. 2008).

The Court finds that the assignment is clear and unambiguous. PrimeLending divested itself of any and all interest it held in the mortgage loan instrument and Deed of Trust which are the subject of Plaintiffs' Complaint, and assigned all such interest to CitiMortgage. Because PrimeLending no longer retains any enforceable interest in the Deed of Trust, which purportedly clouds the title, Plaintiffs' claims against PrimeLending are moot. The determination as to the validity and enforceability of Plaintiffs' claims is not contingent upon PrimeLending remaining a party. Based upon a reading of the Amended Complaint and Plaintiffs' Response to the instant Motion, all of Plaintiffs' claims, including the validity and enforceability of the mortgage loan agreement and Deed of Trust, can be litigated against CitiMortgage.[1]

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs' claims against PrimeLending have been rendered moot by the assignment in question, such that the Court lacks subject matter jurisdiction over PrimeLending. The Motion [23-1] to Dismiss filed by PrimeLending must be granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[1] A Motion for Partial Summary Judgment has been filed by CitiMortgage and this Court will address the merits of this argument when it considers that Motion.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion of Defendant, PrimeLending Company to Dismiss [23-1] pursuant to FED. R. CIV. P. 12(b)(1), is **GRANTED**, and PrimeLending is **DISMISSED** from this case.

**SO ORDERED AND ADJUDGED**, this the 15th day of November, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED    STATES    DISTRICT    JUDGE