IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZRONDIA DEFLANDERS BLACK; | § | |
| JAMES BLACK; and J.B., a Minor | § | PLAINTIFFS |
| by and through Zrondia Deflanders | § | |
| Black, Mother and Next Friend | § | |
| | § | |
| v. | § | Civil No. 1:10CV433-HSO-JMR |
| | § | |
| CITIMORTGAGE, INC. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
CITIMORTGAGE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [36-1] of Defendant, Citimortgage, Inc.

["Citi"], for Partial Summary Judgment pursuant to Rule 56.  Plaintiffs have filed a

Response and Memorandum [39-1, 40-1 ] in Opposition to the Motion for Partial

Summary Judgment, and Citi has filed a Reply [42-1].  After consideration of the

parties' submissions, the record, and the relevant legal authorities, and for the

reasons discussed below, the Court finds that Citi's Motion for Partial Summary

Judgment [36-1] should be denied.

I. FACTS AND PROCEDURAL HISTORY

A.      Facts

According to the Amended Complaint [13-1], in August 2008, Plaintiff

Zrondia Black lived with her husband, James E. Black, and their two minor sons at

4237 Stauter Street in Moss Point, Mississippi.    The property, classified as

homestead property beginning in 1985, was titled to James E. Black.  The Warranty

Deed reflecting ownership was duly recorded in the Jackson County office of land

records.   Am. Compl. [13-1], at p. 3.

On August 20, 2008, James E. Black executed a Deed of Trust totaling $110,767.00, in favor of PrimeLending and pledged the Stauter Street property as security therefor.  *Id.*   Mr. Black signed as grantor and as a "single man."  Deed of Trust, att. as Ex. "C" to Compl. [1-2] at p. 15.  On April 26, 2010, James E. Black died.  Zrondia Black was listed as his surviving spouse on the death certificate. State of Mississippi Certificate of Death, att. as Ex. "D" to Compl. [1-2] at p. 23.

PrimeLending assigned Black's Deed of Trust to Citi on January 26, 2011. The Jackson County Chancery Clerk recorded the assignment on February 22, 2011.  Assignment of Deed of Trust, att. as Ex. "D" to Mot. [23-1] to Dismiss.  To date, the Deed of Trust remains of record and encumbers the homestead property. Citi collected mortgage payments from decedent James E. Black and, according to the Complaint, "continues to attempt to collect monthly mortgage payments from the widow of decedent . . .  it will not cancel of record that same deed of trust encumbering the homestead of plaintiffs."  Am. Compl. [13-1] at p. 4.

B.    Procedural History

Plaintiffs filed their Complaint for Declaratory, Injunctive, and Further Relief  in the Circuit Court of Jackson County on August 26, 2010.  PrimeLending filed a Notice of Removal in this Court on September 10, 2010 [1-1].  Citi filed a Joinder in Notice of Removal on September 10, 2010 [5-1].  After this Court granted PrimeLending's Motion for More Definite Statement [3-1] and ordered Plaintiffs to

replead [9-1], Plaintiffs filed an Amended Complaint [13-1] on November 8, 2010.

Plaintiffs seek:

> . . . cancellation of the deed of trust executed by James E. Black in favor
> of PrimeLending . . . and its removal as a cloud of title of your plaintiffs;
> cancellation of any and all claims possessed by Citimortgage and asserted
> against your plaintiffs; and their removal as clouds upon the title of your
> plaintiffs.

Am. Compl. [13-1] at p. 13.

Plaintiffs advance claims requesting declaratory relief, injunctive relief, and

cancellation and removal of clouds on title to the real property. Am. Compl. [13-1]

at pp. 4-6. On November 15, 2011, PrimeLending's Motion to Dismiss was granted

on the grounds that the Court lacked subject matter jurisdiction over PrimeLending

since Plaintiffs' claims against PrimeLending were rendered moot by virtue of the

assignment to Citi. [R. 43-1] Citi now moves for Partial Summary Judgment

pursuant to FED. R. CIV. P. 56, and requests that the Court enter a judgment

affirming that Citi has a valid lien on the subject property to the extent that Citi is

equitably subrogated to the rights of prior lien holders. Mot. [36-1] for Summ. J. at

p. 2.

## II. DISCUSSION

A.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that "[t]he

court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1991)).

The existence of a factual dispute does not preclude summary judgment if the dispute is neither material nor genuine. *Lyle v. Dedeaux*, 39 F.3d 320, 1994 WL 612506, *2 (5th Cir. 1994) (citing *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). In deciding whether summary judgment is appropriate,

the Court views facts and inferences in the light most favorable to the nonmoving party. *Lyle*, 1994 WL 612506, at *2.

B.     Analysis of Citi's Motion

Citi presents the following issue for this Court's consideration: "whether Citi may enforce a lien on the subject property irrespective of the validity of its deed of trust based on the principle of equitable subrogation?" Citi's Mem. [37-1] in Support of Mot. for Partial Summ. J. at p. 3. Citi concedes that the question of the validity of their deed of trust is one proper for the fact finder, in this case the Court, as neither party has made a jury demand. Citi contends that because "the original purchase money deed of trust was a valid encumbrance, as were multiple subsequent deeds of trust encumbering the subject property," the Court should first rule as a matter of law that Citi is entitled to assert a lien against the property on the basis that it is equitably subrogated to the rights of prior lenders. *Id*. at p. 4.

Plaintiffs oppose Citi's Motion, stating that:

[w]hat rights, if any, PrimeLending had in the original Note and Deed of Trust must be determined prior to any consideration of Citimortgage interests, as assignee. An assignee acquires only those rights and interests possessed by the assignor in the first instance.

Pls.' Mem. [40-1] in Resp. at p. 3. Plaintiffs take issue with the validity of the mortgage loan itself and whether its provisions were valid and enforceable. They submit that any assignment from PrimeLending to Citi failed to confer any rights. *Id*. at p. 4.

The Court finds that at this juncture, a determination as to the threshold issue

of the validity and enforceability of the August 2008 mortgage loan agreement and Deed of Trust must be made before it would be appropriate to consider whether, in the event they are deemed invalid, Citi may be entitled to the alternative relief of equitable subrogation.  In addition, Citi has not specified which of the earlier liens it believes should serve as the basis for any equitable subrogation.  Because these issues are intertwined with the issue of the validity of the subsequent assignments and executed deeds of trust, the Court is of the opinion that all of these questions should be litigated simultaneously at trial.  Citi's request is therefore premature.

### III.  CONCLUSION

For the foregoing reasons, Citi's Motion for Partial Summary Judgment will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [36-1] for Partial Summary Judgment, pursuant to FED. R. CIV. P. 56, filed by Defendant Citimortgage is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 16th day of November, 2011.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE